## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. *10 - 794* |
| | § | |
| DARQUE TAN, LLC; SEGLER | § | |
| ENTERPRISES LTD.; ROBBIE SEGLER, | § | JURY DEMANDED |
| individually; TAN BIZ, LLC; MONICA | § | |
| JONES, individually; and JASON JONES, | § | |
| individually | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Tan Biz, LLC hereby removes this action from the 201st District Court of Travis County, Texas, to the United States District Court for the Western District of Texas, pursuant to 28 U.S.C. §§ 1331 and 1441, because the action is subject to federal question jurisdiction. All remaining Defendants, Darque Tan, LLC; Segler Enterprisess Ltd, Robbie Segler, individually, Monica Jones, individually, and Jason Jones, individually, do not oppose and hereby join in this removal. All Defendants are collectively referred to herein as "Defendants". Defendants respectfully state to this Court the following:

1.    On November 10, 2008, Plaintiff commenced this action in the 201st District Court of Travis County, Texas, against Darque Tan, LLC, Segler Enterprises, Ltd., Robbie Segler, Monica Jones and Jason Jones. The lawsuit was captioned Cause No. D-1-GV-08-002596; *The State of Texas v. Darque Tan, LLC; Segler Enterprises, Ltd.; Robbie Segler; Monica Jones; and Jason Jones.*

2.     On September 21, 2010 Plaintiff filed its First Amended Original Petition.  In its First Amended Original Petition it adds Tan Biz, LLC as a defendant.  Plaintiff also asserts new claims and causes of action.

3.     On October 8, 2010, Tan Biz, LLC agreed to waiver formal service of process.

4.     Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon on or more of the Defendants in the state court action are attached hereto as Exhibit 1.  Also included in Exhibit 1 is a copy of the state court docket sheet.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 124(d)(1) because this is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).  No previous application has been made for the relief requested herein.

## I.  ALLEGATIONS AND REQUESTED RELIEF

6.     Plaintiff globally alleges that:

a.     "Defendants use ultraviolet lamps[1] for tanning to provide tanning services to consumers. Ultraviolet lamps for tanning are classified in 21 C.F.R. §878.4635 ('ultraviolet lamp for tanning is a device…intended to…tan the skin.') and are solely classified for tanning the skin, nothing more.   The Federal Food & Drug Administration ("FDA") classifies devices based on the intended use, as presented by the device manufacturer." Plaintiff's First Amended Original Petition at para. 9.2.

b.     "The FDA is solely responsible for classifying and approving devices after they determine whether they are safe and effective for their stated intended uses.  The State, its agencies, and its courts cannot approve or authorize use of a device for an intended use different from that authorized by FDA.[2]  Therefore, ultraviolet lamps for

---

[1] Plaintiff's allege in footnote 1 that "By classification, ultraviolet lamps that produce ultraviolet radiation within a specific limit (21 C.F.R. §1040.20(11)) are intended for use in any sunlamp product designed to incorporate one or more ultraviolet lamps and intended for irradiation of any part of the human body to induce skin tanning (21 C.F.R. §1040.20(0))."

[2] In footnote 2 Plaintiff alleges: "Section 521 of the Federal Food, Drug, and Cosmetic Act ('FFDCA'), 21 U.S.C. §360k(a), prohibits a state from establishing or continuing in effect any requirement (1) which is different from, or in addition to any requirement applicable under the FFDCA to the device, and (2) which relates to the safety or effectiveness of the device to any other matter included in a requirement applicable to the device under the FFDCA."

tanning are limited to the intended use of tanning the skin." Plaintiff's First Amended Original Petition at para. 9.3.

c.   "Defendants' tanning devices have **not** been approved by the FDA for either delivering doses of vitamin D or reducing risk of cancer. Defendants cannot legally make claims of delivering doses of vitamin D or reducing risk of cancer as these claims change the intended use of the devices from the FDA approved use for tanning of the skin.  Consequently, Defendants cannot legally use or advertise the use of their tanning devices for any purpose other than tanning the skin." (emphasis in original). Plaintiff's First Amended Original Petition at para. 9.8.

## II.   FEDERAL QUESTION JURISDICTION

7.   This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question jurisdiction).  Further, Plaintiffs' state law claims implicate significant federal issues under the FFDCA, federal preemption by the FDA and FTC[3], deprivation of the Defendants' rights, privileges, and immunities under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.  This Court, therefore, has subject-matter jurisdiction over Plaintiffs' state-law claims arising from the same facts.

## III.   FULFILLMENT OF PROCEDURAL REQUIREMENTS

8.   This Notice of Removal is timely under 28 U.S.C. § 1446(b).

---

[3] For example, in January 2010 the FTC settled its investigation of the Indoor Tanning Association's representations regarding the body's production of vitamin D as a biological result of the utilization of sun tanning beds.  The federal government required no payment by the Indoor Tanning Association and agreed that the Indoor Tanning Association could indeed reference the body's production of vitamin D as a biological result of the utilization of sun tanning beds in its advertising but that:

   "…in the event that advertising for any covered product or service makes any representation, expressly or by implication, including through the use of a product name, endorsement, depiction, or illustration, that exposure to ultraviolet radiation produces vitamin D in the body, or otherwise about the effectiveness or usefulness of such product for generation of vitamin D, the required disclosure shall be as follows:

   NOTICE: You do not need to become tan for your skin to make vitamin D. Exposure to ultraviolet radiation may increase the likelihood of developing skin cancer and can cause serious eye injury."

See http://www.ftc.gov/opa/2010/01/tanning.shtm (last visited October 21, 2010).

9.      Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a written notice of this removal with the clerk of the state court.  Defendants will also serve Plaintiff's counsel with a true and correct copy of this Notice of Removal, in accordance with 28 U.S.C. § 1446(d).

10.      In filing this Notice of Removal, Defendants do not waive either any defenses or arguments available to it in this action, or their right to challenge any causes of action, arguments, or allegations proposed by Plaintiff.

11.      Plaintiffs demanded a jury in the state court action.

Respectfully submitted,

GARDERE WYNNE SEWELL LLP


By: /s/ Edward D. Burbach
          Edward D. Burbach, Attorney in Charge
          State Bar No. 03355250
          GARDERE WYNNE SEWELL LLP
          600 Congress Avenue, Suite 3000
          Austin, Texas  78701
          ph:  (512) 542-7070
          fax:  (512) 542-7270

COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served upon all counsel of record via first class mail and via facsimile transmission, on this the 21st day of October, 2010.

Via Facsimile 214.969.7615 and First Class Mail
Jodie Scivetti
Assistant Attorney General
Joyce Wein Iliya
Assistant Attorney General
Consumer Protection & Public Health Division
1412 Main Street, Suite 810
Dallas, TX  75202


/s/ Edward D. Burbach
Edward D. Burbach


AUSTIN 46219v.1

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff   Travis County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Harris County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jodie Scivetti, Consumer Protection Division & Public Health, Office of Attorney General, 1412 Main Street #810, Dallas, TX 75202

Attorneys (If Known)
Edward D. Burbach, Gardere Wynne Sewell LLP, 600 Congress Avenue, Suite 3000, Austin, Texas 78701; (512) 542-7070

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC §1331 - 1441, First and Fourteenth Amendments to US Constitution and 42 USC §1983

Brief description of cause:
State attempt to enforce alleged violations of federal and state law.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE
10/21/2010

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN                    DIVISION

Supplement to JS 44 Civil Cover Sheet
Cases Removed from State District Court

This form must be filed with the Clerk's Office no later than the **first business day** following
the filing of the Notice of Removal.  Additional sheets may be used as necessary.

The attorney of record for the removing party **MUST** sign this form.

---

**STATE COURT INFORMATION:**

1. Please identify the court from which the case is being removed; the case number; and the complete
   style of the case.

   The State of Texas v. Darque Tan, LLC; Segler Enterprises Ltd.; Robbie Segler; Monica Jones; and Jason Jones
   Cause No. D-1-GV-08-002596

2. Was jury demand made in State Court?          Yes ☒          No ☐

   If yes, by which party and on what date?

   | The State of Texas | Nov 10, 2008 |
   |---|---|
   | Party Name | Date |

---

**STATE COURT INFORMATION:**

1. List all plaintiffs, defendants, and intervenors still remaining in the case.  Also, please list the
   attorney(s) of record for each party named and include the attorney's firm name, correct mailing
   address, telephone number, and fax number (including area codes).

   The State of Texas
   Attorney of Record:
   Jodie Scivetti, Consumer Protection & Public Health, Office of the Attorney General, 1412 Main Street, Suite 810, Dallas,
   Texas 75202; (214) 463-2185

   Darque Tan, LLC
   Segler Enterprises Ltd.
   Tan Biz, LLC
   Robbie Segler
   Monica Jones
   Jason Jones
   Attorney of Record:
   Edward D. Burbach, Gardere Wynne Sewell LLP, 600 Congress Avenue, Suite 3000, Austin, Texas 78701; (512) 542-7070

---

2. List all parties that have not been served at the time of the removal, and the reason(s) for non-service.

3. List all parties that have been non-suited, dismissed, or terminated, and the reason(s) for their removal from the case.

**COUNTERCLAIMS, CROSS-CLAIMS, and/or THIRD-PARTY CLAIMS:**

1. List separately each counterclaim, cross-claim, or third-party claim still remaining in the case and designate the nature of each such claim.  For each counterclaim, cross-claim, or third-party claim, include all plaintiffs, defendants, and intervenors still remaining in the case.  Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

**VERIFICATION:**

_____          10/21/2010
Attorney for Removing Party                        Date

Defendants Darque Tan, LLC et al.
_____
Party/Parties

TXWD - Supplement to JS 44 (Rev. 10/2004)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. *10-794* |
| | § | |
| DARQUE TAN, LLC; SEGLER | § | |
| ENTERPRISES LTD.; ROBBIE SEGLER, | § | JURY DEMANDED |
| individually; TAN BIZ, LLC; MONICA | § | |
| JONES, individually; and JASON JONES, | § | |
| individually | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

## INDEX OF MATTERS BEING FILED WITH THE NOTICE OF REMOVAL

Darque Tan, LLC, hereby files this index of maters being filed with this notice of

removal pursuant to Local Rule.

In Accordance with Local Rule, Darque Tan is filing the following documents with it

notice of removal:

    A.  Plaintiff's Original petition and Application for Permanent Injunction

    B.  Defendants' Original Answer

    C.  Notice Letter

    D.  Notice of Appearance of Counsel and Designation of Attorney in Charge

    E.  Plaintiff's First Amended Original petition and Application for Permanent Injunction

    F.  Waiver of Citation

    G.  List of Counsel of Record

    H.  Document Sheet

    I.  Executed Processes in Cause No. D-1-GV-08-002596



EXHIBIT

_1_

# EXHIBIT A

Filed
08 November 10 A10:08
Amalia Rodriguez-Mendoza
District Clerk
Travis District

D-1-GV-08-002596

NO._____

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff** | § | |
| **v.** | § | |
| | § | TRAVIS COUNTY, TEXAS |
| **DARQUE TAN, LLC; SEGLER** | § | |
| **ENTERPRISES LTD.; ROBBIE** | § | |
| **SEGLER; MONICA JONES; and JASON** | § | 201ST |
| **JONES,** | § | ____ JUDICIAL DISTRICT |
| | § | |
| **Defendants.** | | |

## PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR PERMANENT INJUNCTION

TO THE HONORABLE DISTRICT JUDGE:

     COMES NOW, the STATE OF TEXAS (Plaintiff), acting by and through the Attorney General of Texas, GREG ABBOTT, and on behalf of the Texas Department of State Health Services Commissioner, DAVID L. LAKEY, M.D., complaining of DARQUE TAN, LLC; SEGLER ENTERPRISES LTD.; ROBBIE SEGLER; MONICA JONES; and JASON JONES, (Defendants).  For cause of action, the State respectfully shows the following:

### I. DISCOVERY CONTROL PLAN

     **1.1** The discovery in this case is intended to be conducted under Level 2 pursuant to Tex. R. Civ. P. 190.3.

### II. JURISDICTION

     **2.1** This action is brought by Attorney General GREG ABBOTT, through his Consumer Protection & Public Health Division, in the name of the State of Texas and in the public interest

*State v. Darque Tan, LLC, et al.*
**Plaintiff's Original Petition and Application for Permanent Injunction**              1

under the authority granted him by section 17.47 of the Texas Deceptive Trade Practices-Consumer Protection Act, TEX. BUS. & COM. CODE ANN. §§17.41 - 17.63 ("DTPA"), upon the ground that Defendants have engaged in false, deceptive and misleading acts and practices in the course of trade and commerce as defined in, and declared unlawful by, DTPA sections 17.46(a) and (b).

    **2.2**  This action is further brought by Attorney General GREG ABBOTT on behalf of the Texas Department of State Health Services Commissioner, DAVID L. LAKEY, M.D., upon the ground that Defendants have violated the Texas Health & Safety Code and referred the case the the Office of the Attorney General.  See TEX. HEALTH & SAFETY CODE §§ 145.0121, 431.047, 431.0585 (Vernon 2001).

### III. DEFENDANTS

    **3.1**  Defendant **DARQUE TAN, LLC** is a Texas corporation with headquarters in Houston, Texas.  Darque Tan, LLC is the General Partner of Segler Enterprises, LTD.  It may be served through its **Registered Agent: Nicholas J. Lanza, 5177 Richmond, Suite 850, Houston, Texas 77056.  SERVICE OF PROCESS IS HEREBY REQUESTED.**

    **3.2**  Defendant **SEGLER ENTERPRISES, LTD.** is a Texas corporation d/b/a Darque Tan, with its headquarters in Houston, Texas.  It may be served through its **Registered Agent: Nicholas J. Lanza, 5177 Richmond, Suite 850, Houston, Texas 77056.  SERVICE OF PROCESS IS HEREBY REQUESTED.**

    **3.3**  Defendant **ROBBIE SEGLER** is the Director, President, and Secretary of Darque Tan, LLC, and resides in Texas.  He may be served at 5407 China Doll, Houston, Texas  77041.

*State v. Darque Tan, LLC, et al.*
**Plaintiff's Original Petition and Application for Permanent Injunction**                                     2

**SERVICE OF PROCESS IS HEREBY REQUESTED.**

**3.4** Defendant **MONICA JONES** is an individual residing in Texas and owns at least

eight Darque Tan facilities in San Antonio, Texas.  Monica Jones may be served at: 5002

Roundtable, San Antonio, Texas 78218.  **SERVICE OF PROCESS IS HEREBY**

**REQUESTED.**

**3.5** Defendant **JASON JONES** is an individual residing in Texas and owns at least eight

Darque Tan facilities in San Antonio, Texas.  Jason Jones may be served at: 5002 Roundtable,

San Antonio, Texas 78218.  **SERVICE OF PROCESS IS HEREBY REQUESTED.**

## IV. VENUE

**4.1**  Under Texas Health & Safety Code sections 145.0121(d) and 431.0585(d), venue is

proper in Travis County, Texas.

## V. PUBLIC INTEREST

**5.1**  Because Plaintiff State of Texas has reason to believe that Defendants have engaged

in, and will continue to engage in, the unlawful practices set forth below, Plaintiff has reason to

believe Defendants have caused adverse effects to legitimate business enterprises which lawfully

conduct trade and commerce in this State.  The Consumer Protection & Public Health Division

of the Office of the Attorney General believes that these proceedings are in the public interest.

## VI. TRADE AND COMMERCE

**6.1**  Defendants have, at all times described below, engaged in conduct which constitutes

"trade" and "commerce" as those terms are defined by DTPA section17.45(6).

## VII. ACTS OF AGENTS

**7.1**  Whenever in this Petition it is alleged that any Defendants did any act, it is meant that:

**A.**  Defendants performed or participated in the act; or

**B.**  Defendants' officers, agents, or employees performed or participated in the act on behalf of and under the authority of the Defendants.

## VIII. NOTICE BEFORE SUIT

**8.1**  At least seven days prior to filing suit, Defendants were notified of the unlawful conduct alleged herein.

## IX. NATURE OF DEFENDANTS' OPERATIONS

**9.1**  Defendants operate tanning facilities providing indoor tanning services to the public within the State of Texas and Nationwide.  Defendants' tanning facilities are regulated under the Tanning Facility Regulation Act, TEX. HEALTH & SAFETY CODE §§ 145.001-145.016 (Vernon 2001 & Supp. 2008).  See specifically TEX. HEALTH & SAFETY CODE §§ 145.002(8). Defendants' tanning devices are also regulated under the Texas Food, Drug & Cosmetic Act, TEX. HEALTH & SAFETY CODE §§ 431.001 - 431.415 (Vernon 2001 & Supp. 2008).

**9.2**  Defendants use ultraviolet lamps[1] for tanning to provide tanning services to consumers.  Ultraviolet lamps for tanning are classified in 21 C.F.R. § 878.4635  ('ultraviolet lamp for tanning is a device . . . intended to . . . tan the skin.") and are solely classified for

---

[1] By classification, ultraviolet lamps that produce ultraviolet radiation within a specific limit (21 C.F.R. §1040.20(11)) are intended for use in any sunlamp product designed to incorporate one or more ultraviolet lamps and intended for irradiation of any part of the human body to induce skin tanning (21 C.F.R. §1040.20(9)).

tanning the skin, nothing more.  The Federal Food & Drug Administration ("FDA") classifies

devices based on the intended use, as presented by the device manufacturer.

9.3  The FDA is solely responsible for classifying and approving devices after they

determine whether they are safe and effective for their stated intended uses.  The State, its

agencies, and its courts cannot approve or authorize use of a device for an intended use different

from that authorized by FDA.[2]  Therefore, ultraviolet lamps for tanning are limited to the

intended use of tanning the skin.

9.4  Defendants represent and advertise that the use of their tanning devices results in

health or medical benefits, claiming that using their devices increases the amount of vitamin D

absorbed by the users.  Defendants also claim that  "UVB from tanning converts cholesterol into

vitamin D."

9.5  Defendants make the health or medical claim that indoor tanning increases the user's

intake of vitamin D and that increased levels of vitamin D have been shown to reduce the

incidence or risk of cancer.  Defendants then make health or medical claims that using their

tanning devices increases vitamin D levels, thereby reducing the user's risk of developing cancer.

Defendants' agents have specifically made the following health or medical claims: (1) "[p]eople

that have high levels of vitamin D . . . are not as likely to get cancer," and (2) "[s]o would you be

more worried about the skin cancer on your arm and being able to have it laser cut out . . . or

---

[2] Section 521 of the Federal Food, Drug, and Cosmetic Act ("FFDCA"), 21 U.S.C. §360k(a), prohibits a state from establishing or continuing in effect any requirement (1) which is different from, or in addition to any requirement applicable under the FFDCA to the device, and (2) which relates to the safety or effectiveness of the device or to any other matter included in a requirement applicable to the device under the FFDCA.

*State v. Darque Tan, LLC, et al.*
**Plaintiff's Original Petition and Application for Permanent Injunction**                     5

would you rather have ovarian cancer that you can't get rid of and . . . people die from."

Defendants also make the health or medical claim that indoor tanning reduces the risk of breast

cancer. See DARQUE TAN - BREAST CANCER RESEARCH - 60 SEC (http://www.youtube.

com/watch?v=Rl3ddeSZ2sA). See Exhibit A (attached).

    **9.6** Defendants' tanning devices have **not** been approved by the FDA for either

delivering doses of vitamin D or reducing risk of cancer. Defendants cannot legally make claims

of delivering doses of vitamin D or reducing risk of cancer as these claims change the intended

use of the devices from the FDA approved use for tanning of the skin. Consequently, Defendants

cannot legally use or advertise the use of their tanning devices for any purpose other than tanning

the skin.

## X. FALSE, MISLEADING OR DECEPTIVE ACTS

    **10.1** Defendants, as alleged above and detailed below, have in the course of trade and

commerce engaged in practices declared unlawful by the DTPA. Such acts include:

    **A.** Engaging in false, misleading, or deceptive acts or practices in the conduct of any

trade or commerce, in violation of DTPA section 17.46(a);

    **B.** Representing that goods or services have sponsorship, approval, characteristics,

ingredients, uses, benefits, or quantities which they do not have or that a person has a

sponsorship, approval, status, affiliation, or connection which he does not have, in violation of

DTPA section 17.46(b)(5); and

    **C.** Failing to disclose information concerning goods or services which was known at the

time of the transaction if such failure to disclose such information was intended to induce the

consumer into a transaction into which the consumer would not have entered had the information been disclosed, in violation of DTPA section 17.46(b)(24).

## XI. TEXAS HEALTH & SAFETY CODE VIOLATIONS

**11.1** Ultraviolet lamps for tanning are "tanning devices" pursuant to section 145.002(7) of the Texas Health & Safety Code. Tanning devices under the Tanning Facility Regulation Act are also defined as devices under section 431.002(13) of the Texas Health and Safety Code.

**11.2** Defendants' tanning devices are also regulated under the Texas Food, Drug & Cosmetic Act, TEX. HEALTH & SAFETY CODE §§ 431.001 - 431.415 (Vernon 2001 & Supp. 2008). Under Texas Health & Safety Code section 431.002(13), a device is an instrument, apparatus, implement, machine, contrivance or other similar article, that is intended for use in the diagnosis of disease or other conditions, or in the cure, mitigation, treatment, or prevention of disease in man or intended to affect the structure or any function of the body.

**11.3** Texas Health & Safety Code section 145.007 (Vernon 2001) prohibits a tanning facility from claiming or distributing promotional materials claiming that using a tanning device will result in medical or health benefits. Defendants have violated this provision by claiming and/or distributing materials claiming that using a tanning device increases the users intake of vitamin D. Defendants have further violated this provision by stating that the use of their tanning devices will reduce the consumer's incidence or risk of cancer.

**11.4** Texas Health & Safety Code section 431.182(a) states that an advertisement of a device is false if it is false or misleading in any particular. Defendants' claims that its tanning devices deliver doses of vitamin D or reduce the risk of cancer are false or misleading in that the

*State v. Darque Tan, LLC, et al.*
**Plaintiff's Original Petition and Application for Permanent Injunction**                    7

FDA has only approved tanning devices for tanning the skin and not for these other intended uses. Therefore, Defendants' claims constitute false advertisements under Texas Health & Safety Code section 431.182(a).

**11.5** Defendants' claims that their tanning devices deliver doses of vitamin D or reduce the risk of cancer violate Texas Health & Safety Code section 431.021(f) which prohibits the dissemination of any false advertisement.

**11.6** Section 431.112(e) of the Texas Health & Safety Code states that a device shall be deemed to be misbranded unless its labeling bears adequate directions for use. Adequate directions for use cannot be written for Defendants' advertised uses of the tanning devices since these devices are not approved to deliver doses of vitamin D or reduce the risk of cancer. Because adequate directions for use cannot be written for Defendants' tanning devices for these unapproved uses, these devices are deemed misbranded pursuant to section 431.112(e) of the Texas Health & Safety Code.

**11.7** Defendants' false or misleading advertising of devices for unapproved uses misbrands the devices in commerce under section 431.021(b) of the Texas Health and Safety Code. In addition, Defendants' use of such misbranded devices to provide tanning of the skin result in the introduction into commerce of misbranded devices pursuant to section 431.021(a) of the Texas Health and Safety Code.

## XII.  INJURY TO CONSUMERS

**12.1** Defendants have, by means of these unlawful acts and practices, obtained money or other property from identifiable persons to whom such money or property should be restored.

*State v. Darque Tan, LLC, et al.*
**Plaintiff's Original Petition and Application for Permanent Injunction**                    8

## XIII.  CONDITIONS' PRECEDENT

**13.1**  All conditions precedent to Plaintiff's right to recover and Defendants' liability have occurred or have been waived.

## XIV.  JURY TRIAL

**14.1**  Plaintiff herein requests a trial by jury.

## XV.  APPLICATION FOR PERMANENT INJUNCTION

**15.1**  Plaintiff requests that this Court permanently enjoin Defendants from representing, marketing, promoting, distributing, advertising or allowing or causing others to represent, market, promote, distribute, or advertise, their tanning devices:

**A.**  As a means or method of reducing any health risks or affecting any medical conditions;

**B.**  As a means or method to prevent or reduce the incidences or degree of any cancers;

**C.**  As a means or method by which consumers can safely increase their exposure to vitamin D or increase their levels of vitamin D;

**D.**  As anything other than devices to tan the skin;

**E.**  Without disclosing that the only use for tanning devices authorized by FDA is to tan the skin;

**F.**  For uses not included by classification by the FDA and misbrand the devices; and

**G.**  In any manner that results in the dissemination of false advertising of a device.

## XVI. PRAYER

**16.1**  Plaintiff hereby incorporates paragraph 15.1, as if set forth in full.

*State v. Darque Tan, LLC, et al.*
**Plaintiff's Original Petition and Application for Permanent Injunction**                    9

**16.2** Plaintiff State of Texas further respectfully prays that this Court:

**A.** Order Defendants to restore all money or other property taken from identifiable persons by means of unlawful acts or practices, or in the alternative award judgment for damages to compensate for such losses;

**B.** Adjudge against Defendants civil penalties in favor of Plaintiff State of Texas in the amount of up to $20,000 per violation of the DTPA;

**C.** Adjudge against Defendants civil penalties in favor of Plaintiff State of Texas in the amount of up to $25,000 per day for each violation of the Texas Health & Safety Code (See TEX. HEALTH & SAFETY CODE §§ 145.0121(b), 431.0585(b));

**D.** Order Defendants to pay Plaintiff State of Texas' reasonable attorney fees, investigative costs for the Office of the Attorney General and the Texas Department of State Health Services, court costs, witness fees, and other expenses pursuant to the TEX. GOV'T CODE § 402.006(c) and TEX. HEALTH & SAFETY CODE §§ 145.0121, 431.047(d).

**E.** Order Defendants to pay both pre-judgment and post judgment interest on all awards of restitution, damages or civil penalties, as provided by law; and

**F.** Grant any further relief, at law or in equity, to which Plaintiff State of Texas may show itself entitled.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

*State v. Darque Tan, LLC, et al.*
**Plaintiff's Original Petition and Application for Permanent Injunction**                    10

JEFF L. ROSE
Deputy First Assistant Attorney General

PAUL D. CARMONA
Chief, Consumer Protection & Public Health Division


PAT TULINSKI
SBN 20283485
Assistant Attorney General
Consumer Protection & Public Health Division
Capitol Station, P.O. Box 12458
Austin, Texas  78711-2548
Tel: (512) 463-2185
Fax: (512) 473-8301

Attorneys for Plaintiff





# EXHIBIT B

Filed
08 December 8 A9:43
Amalia Rodriguez-Mendoza
District Clerk
Travis District

NO. D-1-GV-08-002596

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | TRAVIS COUNTY, TEXAS |
| DARQUE TAN, LLC; SEGLER | § | |
| ENTERPRISES LTD.; ROBBIE | § | |
| SEGLER; MONICA JONES; and | § | |
| JASON JONES, | § | |
| | § | |
| Defendants. | § | 201st JUDICIAL DISTRICT |

## DEFENDANTS' ORIGINAL ANSWER

Pursuant to Texas Rule of Civil Procedure 92, Defendants Darque Tan, LLC,

Segler Enterprises Ltd., Robbie Segler, Monica Jones and Jason Jones, hereby answer Plaintiffs'

Original Petition and Application for Temporary Injunction ("Petition") as follows:

### I.   General Denial

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, and expressly

reserving the right to plead any and all affirmative defenses in the future via an amended answer,

Defendants Darque Tan, LLC, Segler Enterprises, Ltd., Robbie Segler, Monica Jones, and Jason

Jones, generally deny each and every allegation in Plaintiff's Petition and demand strict proof of

all matters set forth therein by a preponderance of the evidence, if Plaintiff is able.

### II.

The individual Defendants are not liable in the capacity in which they have been

sued.

No. D-1-GV-08-002596
State of Texas v. Darque Tan, LLC, et al.
Defendants' Joint Original Answer
AUSTIN 28129v.1

Page 1

## Prayer

WHEREFORE, Defendants respectfully request that (1) Plaintiff State of Texas take nothing by way of its affirmative claims, (2) that Defendants receive their costs of court expended in this action, and (3) that Defendants receive any further relief, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

GARDERE WYNNE SEWELL LLP

__/s/  Edward D. Burbach_____
Edward D. Burbach
State Bar No. 03355250
Robert F. Johnson III
State Bar No. 10786400
600 Congress Avenue, Suite 3000
Austin, Texas  78701
ph:  (512) 542-7070
fax:  (512) 542-7270
email:  eburbach@gardere.com

COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of December, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Pat Tulinski
Assistant Attorney General
Consumer Protection & Public Health Division
Capitol Station, P.O. Box 12458
Austin TX  78711-2548

__/s/  Edward D. Burbach_____

No. D-1-GV-08-002596
State of Texas v. Darque Tan, LLC, et al.
Defendants' Joint Original Answer                                    Page 2
AUSTIN 28129v.1

# EXHIBIT C

Filed
08 December 22 P12:25
Amalia Rodriguez-Mendoza
District Clerk
Travis District



## ATTORNEY GENERAL OF TEXAS
### GREG ABBOTT

December 22, 2008

Amalia Rodriguez-Mendoza
Travis County Courthouse
1000 Guadalupe St., 3rd Floor
Austin, TX 78701

**Re:**   *State of Texas v. Darque Tan, LLC, et al.*; Cause No. D-1-GV-08-002596; in the 201st Judicial District Court of Travis County, Texas.

Dear Ms. Rodriguez-Mendoza:

Please be advised that I will be out of the office on vacation from January 26, 2009 and will return to the office on February 2, 2009, and ask that the Court not schedule anything in this case during that time.

Thank you for your attention to this matter.  If you have any questions, please contact me.

Sincerely,

Pat Tulinski
Assistant Attorney General
Consumer Protection and Public Health Division
Office of the Attorney General of Texas
Tel: (512) 463-2070
Fax: (512) 473-8301

cc:     Edward D. Burbach
        Gardere Wynne Sewell LLP
        600 Congress Avenue, Suite 3000
        Austin, TX 78701
        Attorney for Defendants

# EXHIBIT D

Filed
10 June 2 A9:19
Amalia Rodriguez-Mendoza
District Clerk
Travis District
D-1-GV-08-002596

## NO. D-1-GV-08-002596

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff** | § | |
| v. | § | |
| | § | TRAVIS COUNTY, TEXAS |
| DARQUE TAN, LLC; SEGLER | § | |
| ENTERPRISES LTD.; ROBBIE | § | |
| SEGLER; MONICA JONES; and | § | |
| JASON JONES, | § | |
| | § | |
| **Defendants.** | § | 201ST JUDICIAL DISTRICT |

## NOTICE OF APPEARANCE OF COUNSEL AND DESIGNATION OF ATTORNEY IN CHARGE

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Texas Rule of Civil Procedure 8, Plaintiff hereby notifies the Court of the designation of JODIE SCIVETTI, Assistant Attorney General, as attorney in charge and counsel of record for the State, replacing PAT TULINSKI. There is no need to notify Pat Tulinski concerning any further activity in this case.

All counsel of record have been copied on this designation. The State requests that all future communications from the court or other counsel with respect to this action be addressed solely to the undersigned Assistant Attorney General.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

C. ANDREW WEBER

*State v. Darque Tan, LLC, et al.*
Notice of Appearance of Counsel and Designation of Attorney in Charge                Page 1

First Assistant Attorney General

DAVID S. MORALES
Deputy Attorney General for Civil Litigation

PAUL CARMONA
Chief, Consumer Protection & Public Health
Division

D. ESTHER CHAVEZ
Deputy Chief, Consumer Protection & Public
Health Division

JOYCE WEIN ILIYA
Section Chief, Public Health Litigation Section


 /s/ Jodie Scivetti
Jodie Scivetti
Texas Bar No. 24058099
Assistant Attorney General
Office of the Texas Attorney General
Consumer Protection & Public Health Division
1412 Main Street, Ste. 810
Dallas, Texas  75202
(214) 969-7639, ext. 8826
Facsimile: (214) 969-7615
jodie.scivetti@oag.state.tx.us


Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that, on June 2, 2010, a true and correct copy of the foregoing pleading was electronically filed and e-served on the following counsel:

Edward D. Burbach
GARDERE WYNNE SEWELL LLP
600 Congress Avenue, Suite 3000
Austin, Texas 78701
Tel.  512.542.7070
Fax  512.542.7270
eburbach@gardere.com


/s/ Jodie Scivetti
Jodie Scivetti

# EXHIBIT E

Filed
10 September 21 A8:15
Amalia Rodriguez-Mendoza
District Clerk
Travis District
D-1-GV-08-002596

## NO. D-1-GV-08-002596

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | |
| | § | TRAVIS COUNTY, TEXAS |
| DARQUE TAN, LLC; SEGLER | § | |
| ENTERPRISES LTD.; ROBBIE | § | |
| SEGLER, individually; TAN BIZ, LLC; | § | |
| MONICA JONES, individually; and | § | 201ST JUDICIAL DISTRICT |
| JASON JONES, individually, | § | |

**Defendants.**

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION AND APPLICATION FOR PERMANENT INJUNCTION

TO THE HONORABLE DISTRICT JUDGE:

COMES NOW, the STATE OF TEXAS (Plaintiff), acting by and through the Attorney

General of Texas, GREG ABBOTT, and on behalf of the Texas Department of State Health

Services Commissioner, DAVID L. LAKEY, M.D., files this its First Amended Original Petition

complaining of DARQUE TAN, LLC; SEGLER ENTERPRISES LTD.; ROBBIE SEGLER,

individually; TAN BIZ, LLC; MONICA JONES, individually; and JASON JONES, individually

(Defendants).  For cause of action, the State respectfully shows the following:

### I. DISCOVERY CONTROL PLAN

**1.1** The discovery in this case is intended to be conducted under Level 2 pursuant to Tex.

R. Civ. P. 190.3.

### II. JURISDICTION

**2.1** This action is brought by Attorney General GREG ABBOTT, through his Consumer

*State v. Darque Tan, LLC, et al.*
**Plaintiff's First Amended Original Petition**                                    1

Protection & Public Health Division, in the name of the State of Texas and in the public interest under the authority granted him by section 17.47 of the Texas Deceptive Trade Practices-Consumer Protection Act, TEX. BUS. & COM. CODE ANN. §§17.41 - 17.63 ("DTPA"), upon the ground that Defendants have engaged in false, deceptive and misleading acts and practices in the course of trade and commerce as defined in, and declared unlawful by, DTPA sections 17.46(a) and (b).

**2.2** This action is further brought by Attorney General GREG ABBOTT on behalf of the Texas Department of State Health Services Commissioner, DAVID L. LAKEY, M.D., upon the ground that Defendants have violated the Texas Health & Safety Code and referred the case the the Office of the Attorney General. See TEX. HEALTH & SAFETY CODE §§ 145.0121, 431.047, 431.0585 (Vernon 2001).

### III. DEFENDANTS

**3.1** Defendant **DARQUE TAN, LLC** is a Texas corporation with headquarters in Houston, Texas. Darque Tan, LLC is the General Partner of Segler Enterprises, LTD. It may be served through its **Registered Agent: Nicholas J. Lanza, 5177 Richmond, Suite 850, Houston, Texas 77056.**

**3.2** Defendant **SEGLER ENTERPRISES, LTD.** is a Texas corporation d/b/a Darque Tan, with its headquarters in Houston, Texas. It may be served through its **Registered Agent: Nicholas J. Lanza, 5177 Richmond, Suite 850, Houston, Texas 77056.**

**3.3** Defendant **ROBBIE SEGLER** is the Director, President, and Secretary of Darque Tan, LLC, and resides in Texas. He may be served at 5407 China Doll, Houston, Texas 77041.

**3.4** Defendant **TAN BIZ, LLC** is a Texas Corporation d/b/a Darque Tan in the San Antonio area.   It may be served through its **Registered Agent: Wilson, Bellamy, Brown & Wilson LLP at 3308 Broadway, Suite 300, San Antonio, Texas 78209.**

**3.5** Defendant **MONICA JONES** is an individual residing in Texas and is a manager of Tan Biz, LLC.  Monica Jones may be served at: 5002 Roundtable, San Antonio, Texas 78218.

**3.6** Defendant **JASON JONES** is an individual residing in Texas and is a manager of Tan Biz, LLC.   Jason Jones may be served at: 5002 Roundtable, San Antonio, Texas 78218.

## IV. VENUE

**4.1**  Under Texas Health & Safety Code sections 145.0121(d) and 431.0585(d), venue is proper in Travis County, Texas.

## V. PUBLIC INTEREST

**5.1**  Because Plaintiff State of Texas has reason to believe that Defendants have engaged in, and will continue to engage in, the unlawful practices set forth below, Plaintiff has reason to believe Defendants have caused adverse effects to legitimate business enterprises which lawfully conduct trade and commerce in this State.  The Consumer Protection & Public Health Division of the Office of the Attorney General believes that these proceedings are in the public interest.

## VI. TRADE AND COMMERCE

**6.1**  Defendants have, at all times described below, engaged in conduct which constitutes "trade" and "commerce" as those terms are defined by DTPA section 17.45(6).

## VII. ACTS OF AGENTS

**7.1**  Whenever in this Petition it is alleged that any Defendants did any act, it is meant

*State v. Darque Tan, LLC, et al.*
**Plaintiff's First Amended Original Petition**                                          3

that:

    **A.**  Defendants performed or participated in the act; or

    **B.**  Defendants' officers, agents, or employees performed or participated in the act on behalf of and under the authority of the Defendants.

## VIII. NOTICE BEFORE SUIT

    **8.1**  At least seven days prior to filing suit, Defendants were notified of the unlawful conduct alleged herein.

## IX. NATURE OF DEFENDANTS' OPERATIONS

    **9.1**  Defendants operate tanning facilities providing indoor tanning services to the public within the State of Texas and Nationwide.   Defendants' tanning facilities are regulated under the Tanning Facility Regulation Act, TEX. HEALTH & SAFETY CODE §§ 145.001-145.016 (Vernon 2001 & Supp. 2008).  See specifically TEX. HEALTH & SAFETY CODE §§ 145.002(8). Defendants' tanning devices are also regulated under the Texas Food, Drug & Cosmetic Act, TEX. HEALTH & SAFETY CODE §§ 431.001 - 431.415 (Vernon 2001 & Supp. 2008).

    **9.2**  Defendants use ultraviolet lamps[1] for tanning to provide tanning services to consumers.  Ultraviolet lamps for tanning are classified in 21 C.F.R. § 878.4635  ('ultraviolet lamp for tanning is a device . . . intended to . . . tan the skin.") and are solely classified for tanning the skin, nothing more.  The Federal Food & Drug Administration ("FDA") classifies devices based on the intended use, as presented by the device manufacturer.

---

    [1]By classification, ultraviolet lamps that produce ultraviolet radiation within a specific limit (21 C.F.R. §1040.20(11)) are intended for use in any sunlamp product designed to incorporate one or more ultraviolet lamps and intended for irradiation of any part of the human body to induce skin tanning (21 C.F.R. §1040.20(9)).

**9.3** The FDA is solely responsible for classifying and approving devices after they determine whether they are safe and effective for their stated intended uses. The State, its agencies, and its courts cannot approve or authorize use of a device for an intended use different from that authorized by FDA.[2] Therefore, ultraviolet lamps for tanning are limited to the intended use of tanning the skin.

**9.4** Defendants represent and advertise that the use of their tanning devices results in health or medical benefits. Some examples of claims made by the Defendants include:

- claiming that using their devices increases the amount of vitamin D produced by the users;

- claiming that five minutes in a tanning bed will produce as much vitamin D as is found in 20 cans of sardines and 40 glasses of milk;

- claiming that "UVB from tanning converts cholesterol into vitamin D;"

- using the phrase "Vitamin Darque" in promotional cards in which the Vitamin D portion of the phrase is in a different shade and font than the rest of the phrase; and

- linking websites containing articles on Vitamin D and making health and medical benefits claims for tanning to Defendants' website.

---

[2] Section 521 of the Federal Food, Drug, and Cosmetic Act ("FFDCA"), 21 U.S.C. §360k(a), prohibits a state from establishing or continuing in effect any requirement (1) which is different from, or in addition to any requirement applicable under the FFDCA to the device, and (2) which relates to the safety or effectiveness of the device or to any other matter included in a requirement applicable to the device under the FFDCA.

**9.5**   Defendants DARQUE TAN, LLC; SEGLER ENTERPRISES LTD. and ROBBIE SEGLER, individually,  have made the following additional claims:

- posting billboards which stated, "Get healthy, Get Darque, Get Vitamin D;"

- hanging "health claims" signs in their facilities which state: "As a tanning salon, our regulations prohibit us making or confirming any kind of health claims.  To investigate the connection between vitamin D deficiency and disease, we recommend you Google™ vitamin D and/or consult a physician qualified in this field.  What we can tell you is that tanning beds are one of the most reliable and controlled sources of natural vitamin D on the planet."

- using the phrases "Vitamin Delivery," "Vitamin Diva," and "Vitamin Darque" in which the Vitamin D portion of the phrases are in a different shade and font than the rest of the phrase in posters and promotional cards; and

- placing copies of a magazine containing articles on Vitamin D on their tanning beds.

**9.6**  Defendants make the health or medical claim that indoor tanning increases the user's intake of vitamin D and that increased levels of vitamin D have been shown to reduce the incidence or risk of cancer.  Defendants then make health or medical claims that using their tanning devices increases vitamin D levels, thereby reducing the user's risk of developing cancer.  Defendants also make the health or medical claim that indoor tanning reduces the risk of breast cancer.  Additionally, Defendants  DARQUE TAN, LLC; SEGLER ENTERPRISES LTD. and ROBBIE SEGLER's agents have specifically made the following health or medical claims in

comments to undercover news investigators: (1) "[p]eople that have high levels of vitamin D . . . are not as likely to get cancer," and (2) "[s]o would you be more worried about the skin cancer on your arm and being able to have it laser cut out . . . or would you rather have ovarian cancer that you can't get rid of and . . . people die from."

9.7  Defendants also claim that by using their tanning beds one can safely achieve and maintain a tan.

9.8  Defendants' tanning devices have **not** been approved by the FDA for either delivering doses of vitamin D or reducing risk of cancer.  Defendants cannot legally make claims of delivering doses of vitamin D or reducing risk of cancer as these claims change the intended use of the devices from the FDA approved use for tanning of the skin.  Consequently, Defendants cannot legally use or advertise the use of their tanning devices for any purpose other than tanning the skin.

9.9  Also, at inspections of DARQUE TAN, LLC; SEGLER ENTERPRISES LTD. and ROBBIE SEGLER's various facilities, the Texas Department of State Health Services found Defendants advertising, giving away and/or offering to sell Vitamin D supplements.  The supplements are advertised, presented and provided to consumers in bottles labeled with Darque Tan's name.

## X. FALSE, MISLEADING OR DECEPTIVE ACTS

10.1  Defendants, as alleged above and detailed below, have in the course of trade and commerce engaged in practices declared unlawful by the DTPA.  Such acts include:

A.  Engaging in false, misleading, or deceptive acts or practices in the conduct of any

trade or commerce, in violation of DTPA section 17.46(a);

**B**. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not have, in violation of DTPA section 17.46(b)(5); and

**C.** Failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed, in violation of DTPA section 17.46(b)(24).

## XI. TEXAS HEALTH & SAFETY CODE VIOLATIONS

**11.1**  Ultraviolet lamps for tanning are "tanning devices" pursuant to section 145.002(7) of the Texas Health & Safety Code.  Tanning devices under the Tanning Facility Regulation Act are also defined as devices under section 431.002(13) of the Texas Health and Safety Code.

**11.2**  Defendants' tanning devices are also regulated under the Texas Food, Drug & Cosmetic Act, TEX. HEALTH & SAFETY CODE §§ 431.001 - 431.415 (Vernon 2001 & Supp. 2008). Under Texas Health & Safety Code section 431.002(13), a device is an instrument, apparatus, implement, machine, contrivance or other similar article, that is intended for use in the diagnosis of disease or other conditions, or in the cure, mitigation, treatment, or prevention of disease in man or intended to affect the structure or any function of the body.

**11.3**  Texas Health & Safety Code section 145.007 (Vernon 2001) prohibits a tanning facility from claiming or distributing promotional materials claiming that using a tanning device

*State v. Darque Tan, LLC, et al.*
**Plaintiff's First Amended Original Petition**                                                      8

will result in medical or health benefits.  Defendants have violated this provision by claiming and/or distributing materials claiming that using a tanning device increases the users intake of vitamin D.  Defendants have further violated this provision by stating that the use of their tanning devices will reduce the consumer's incidence or risk of cancer.

**11.4**  Texas Health & Safety Code section 431.182(a) states that an advertisement of a device is false if it is false or misleading in any particular.  Defendants' claims that its tanning devices deliver doses of vitamin D or reduce the risk of cancer are false or misleading in that the FDA has only approved tanning devices for tanning the skin and not for these other intended uses. Therefore, Defendants' claims constitute false advertisements under Texas Health & Safety Code section 431.182(a).

**11.5**  Defendants' claims that their tanning devices deliver doses of vitamin D or reduce the risk of cancer violate Texas Health & Safety Code section 431.021(f) which prohibits the dissemination of any false advertisement.

**11.6**  Section 431.112(e) of the Texas Health & Safety Code states that a device shall be deemed to be misbranded unless its labeling bears adequate directions for use. Adequate directions for use cannot be written for Defendants' advertised uses of the tanning devices since these devices are not approved to deliver doses of vitamin D or reduce the risk of cancer. Because adequate directions for use cannot be written for Defendants' tanning devices for these unapproved uses, these devices are deemed misbranded pursuant to section 431.112(e) of the Texas Health & Safety Code.

**11.7**   Texas Health & Safety Code section 145.007 (Vernon 2001) prohibits a tanning

*State v. Darque Tan, LLC, et al.*
**Plaintiff's First Amended Original Petition**                                                                     9

facility from claiming or distributing promotional materials claiming that using a tanning device is safe. Defendants have violated this provision by claiming and/or distributing materials claiming that one can safely achieve and maintain a tan through the use of tanning devices.

**11.8** Section 431.222(a) of the Texas Health & Safety Code states that a food manufacturer must apply for and obtain a license from, and pay a license fee to, the Texas Department of State Health Services for each place of business that the food manufacturer operates within Texas. Food manufacturer is defined in section 431.221(2) to include those who represent themselves as responsible for the purity and proper labeling of an article of food by labeling the food with the person's name and address. Section 431.021(y) of the Texas Health & Safety Code prohibits manufacturing food within Texas without obtaining a license.

**11.9** Defendants DARQUE TAN, LLC; SEGLER ENTERPRISES LTD. and ROBBIE SEGLER violate section 431.021(y) of the Texas Health & Safety Code by manufacturing Vitamin D supplements without a license from TDSHS.

**11.10** Section 431.082(a) of the Texas Health & Safety Code states that a food is misbranded if its labeling is false or misleading in any particular or fails to conform with the requirements of section 431.181 of the Texas Health & Safety Code which addresses fair packaging and labeling. Section 431.021(a) of the Texas Health & Safety Code prohibits the introduction or delivery for introduction of any misbranded food into commerce. Defendants DARQUE TAN, LLC; SEGLER ENTERPRISES LTD. and ROBBIE SEGLER violate section 431.021(a) by failing to follow the requirements for the supplement facts panel.

## XII.  INJURY TO CONSUMERS

**12.1**  Defendants have, by means of these unlawful acts and practices, obtained money or other property from identifiable persons to whom such money or property should be restored.

## XIII.  CONDITIONS PRECEDENT

**13.1**  All conditions precedent to Plaintiff's right to recover and Defendants' liability have occurred or have been waived.

## XIV.  APPLICATION FOR PERMANENT INJUNCTION

**14.1**  Plaintiff requests that Defendants DARQUE TAN, LLC; SEGLER ENTERPRISES LTD.; ROBBIE SEGLER, individually; TAN BIZ, LLC; MONICA JONES, individually; and JASON JONES, individually, be cited according to law to appear and answer herein and that upon final hearing a PERMANENT INJUNCTION be issued restraining and enjoining Defendants individually and by their agents, servants, employees, and representatives from making the representations, doing the acts, and engaging in the practices set out in the preceding paragraphs as well as from making the following representations and doing the following acts and engaging in the following practices in the pursuit and conduct of trade or commerce within the State of Texas as follows:

 **A.** Representing, marketing, promoting, or advertising, either expressly or by implication through any means, tanning devices or any services associated with the use of tanning devices as a means or method of reducing any health risks or affecting any medical conditions;

 **B.** Representing, marketing, promoting, or advertising, either expressly or by

*State v. Darque Tan, LLC, et al.*
**Plaintiff's First Amended Original Petition**          11

implication through any means, tanning devices or any services associated with the use of tanning devices as a means or method to prevent or reduce the incidences or degree of any cancers;

C.      Representing, marketing, promoting, or advertising, either expressly or by implication through any means, tanning devices or any services associated with the use of tanning devices as a means or method by which consumers can increase their exposure to vitamin D or increase levels of vitamin D or any similar type claim;

D.      Representing, marketing, promoting, or advertising, either expressly or by implication through any means, tanning devices as anything other than devices to tan the skin;

E.      Representing, marketing, promoting, or advertising tanning devices without disclosing that the only use for tanning devices authorized by the FDA is to tan the skin;

F.      Representing, marketing, promoting, or advertising, either expressly or by implication through any means, that one can safely achieve a tan or safely tan through the use of tanning device;

G.      Using any internet search parameters, such as metatags, search and source codes, to link those searching for Vitamin D, Vitamin D production; cancer prevention, breast cancer, or any other health related subject to Defendants' website(s);

H.      Misbranding devices in commerce;

*State v. Darque Tan, LLC, et al.*
**Plaintiff's First Amended Original Petition**                                    12

**I.**     Including any statement, claim, research, or link to research or other websites on

their website or in any other advertisement which implies, either directly or

indirectly, that tanning devices are a means or method of reducing any health risks

or affecting any medical conditions;

**J.**     Including any statement, claim, research, or link to research or other websites on

their website or in any other advertisement which implies, either directly or

indirectly, that tanning devices are a means or method to prevent or reduce the

incidences or degree of any cancers;

**K.**     Including any statement, claim, research, or link to research or other websites on

their website or in any other advertisement which implies, either directly or

indirectly, that tanning devices are a means or method by which consumers can

increase their exposure to vitamin D or increase levels of vitamin D;

**L.**     Including any statement, claim, research, or link to research or other websites on

their website or in any other advertisement which implies, either directly or

indirectly, that tanning devices are anything other than devices to tan the skin;

**M.**    Manufacturing food, including dietary supplements, within this state without

being licensed with the Texas Department of State Health Services as a food

manufacturer;

**N.**     Disseminating any false advertisements;

**O.**     Advertising or representing, through any means, the availability of any type of

Vitamin D at any of their facilities unless it is clearly and conspicuously disclosed

*State v. Darque Tan, LLC, et al.*
**Plaintiff's First Amended Original Petition**                                                        13

that the Vitamin D is obtained solely through the ingestion of a dietary supplement;

P.    Using any type of subterfuge or pretense in any advertisement or representation to mislead consumers into thinking tanning devices can be used for anything other than tanning of the skin;

Q.    Failing to comply with all of the requirements for the operation of tanning facilities;

R.    Failing to comply with all of the labeling requirements for dietary supplements;

S.    Representing that their business is approved by the Texas Department of State Health Services;

T.    Representing that their business is approved by the Office of the Attorney General; and

U.    Failing to provide written notice to any agent, servant, employee, affiliate, representative, franchisee, or licensee of the existence and terms of any injunction entered in this case, and of their duty to comply with the terms set forth herein.

## XV. PRAYER

**15.1** Plaintiff hereby incorporates paragraph 14.1, as if set forth in full.

**15.2** Plaintiff State of Texas further respectfully prays that this Court:

A.  Adjudge against Defendants civil penalties in favor of Plaintiff State of Texas in the amount of up to $20,000 per violation of the DTPA;

B.  Adjudge against Defendants civil penalties in favor of Plaintiff State of Texas in the

*State v. Darque Tan, LLC, et al.*
**Plaintiff's First Amended Original Petition**                                                    14

amount of up to $25,000 per day for each violation of the Texas Health & Safety Code (See TEX.

HEALTH & SAFETY CODE §§ 145.0121(b), 431.0585(b));

    **C.**  Order Defendants to pay Plaintiff  State of Texas' reasonable attorney fees,

investigative costs for the Office of the Attorney General and the Texas Department of State

Health Services, court costs, witness fees, and other expenses pursuant to the TEX. GOV'T CODE

§ 402.006(c) and TEX. HEALTH & SAFETY CODE §§ 145.0121, 431.047(d).

    **D.**  Order Defendants to pay both pre-judgment and post judgment interest on all awards

of restitution, damages or civil penalties, as provided by law; and

    **E.**  Grant any further relief, at law or in equity, to which Plaintiff State of Texas may

show itself entitled.


                                      Respectfully submitted,


                                       GREG ABBOTT
                                       Attorney General of Texas


                                       DANIEL T. HODGE
                                       First Assistant Attorney General


                                       BILL COBB
                                       Deputy Attorney General for Civil Litigation


                                       PAUL D. CARMONA
                                       Chief, Consumer Protection & Public Health Division

D. ESTHER CHAVEZ
Deputy Chief, Consumer Protection & Public Health
Division


/s/ Jodie Scivetti
JODIE SCIVETTI
SBN 24058099
Assistant Attorney General
JOYCE WEIN ILIYA
SBN 00784319
Assistant Attorney General
Consumer Protection & Public Health Division
1412 Main Street, Suite 810
Dallas, Texas  75202
Tel: (214) 969-7639, ext. 8826
Fax: (214) 969-7615

Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing *State's First Amended Original Petition and Application for Permanent Injunction* was electronically filed with the Clerk of Court and a true and correct copy was e-served and served by certified mail return receipt requested on all Defendants by and through their attorney of record, Edward D. Burbach on this 21st day of September, 2010.


/s/ Jodie Scivetti
Jodie Scivetti

# EXHIBIT F

Filed
10 October 11 A10:47
Amalia Rodriguez-Mendoza
District Clerk
Travis District
D-1-GV-08-002596

Cause No. D-1-GV-08-002596

| | | |
|---|---|---|
| STATE OF TEXAS, | § | IN THE DISTRICT COURT OF |
| **Plaintiff,** | § | |
| | § | TRAVIS COUNTY, TEXAS |
| v. | § | |
| | § | |
| DARQUE TAN, LLC; SEGLER | § | |
| ENTERPRISES LTD.; ROBBIE | § | |
| SEGLER, individually; TAN BIZ, LLC; | § | |
| MONICA JONES, individually; and | § | 201ᵀ JUDICIAL DISTRICT |
| JASON JONES, individually, | § | |
| | § | |
| **Defendants.** | § | |

## WAIVER OF CITATION

| | |
|---|---|
| STATE OF TEXAS | § |
| TRAVIS  COUNTY | § |

Before me, the undersigned notary, on this day personally appeared Edward D. ("Ed") Burbach, attorney for Defendants in this case, a person whose identity is known to me. After I administered an oath to him, upon his oath he said:

"I, Edward D. ("Ed") Burbach, am the attorney for the Defendants in this case. Plaintiff has given me a copy of its First Amended Original Petition it has filed in this case which adds new party Tan Biz, LLC and adds additional claims. I have been authorized to accept service of process for Tan Biz, LLC.  I hereby do so.

Edward D. ("Ed") Burbach
Gardere Wynne Sewell LLP
600 Congress Avenue, Suite 3000
Austin, Texas 78701
Ph: (512) 542-7070
Fax: (512) 542-7270

SUBSCRIBED AND SWORN TO BEFORE ME on this _87_ day of _October_ 2010.

Notary Public

LEA ANN SCHNARR
Notary Public
State of Texas
My Comm. Expires 05-05-2014

# EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| DARQUE TAN, LLC; SEGLER | § | |
| ENTERPRISES LTD.; ROBBIE SEGLER, | § | JURY DEMANDED |
| individually; TAN BIZ, LLC; MONICA | § | |
| JONES, individually; and JASON JONES, | § | |
| individually | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

## LIST OF COUNSEL OF RECORD

Jodi Scivetti
Assistant Attorney General
Joyce Wein Iliya
Assistant Attorney General
Consumer Protection & Public Health Division
1412 Main Street, Sutie 801
Dallas, Texas  75202
Ph:  (214) 969-7639
Fax:  (214) 969-7615
COUNSEL FOR PLAINTIFF,
THE STATE OF TEXAS


Edward D. Burbach
Gardere Wynne Sewell LLP
600 Congress Avenue, Suite 3000
Austin, Texas  78701
Ph: (512) 542-7070
Fax: (512) 542-7270
COUNSEL FOR DEFENDANTS
DARQUE TAN, LLC et al.

# EXHIBIT H

Case:D-1-CV-08-002596 with (13) documents

| Filed Date | Category | Description | Additional Info |
|---|---|---|---|
| 11/10/2008 | PET-PL | ORIGINAL PETITION/APPLICATION | PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR     PERMANENT INJUNCTION |
| | | Judges Notes/Comments | |
| 11/10/2008 | PET-PL | ORIGINAL PETITION/APPLICATION | PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR     PERMANENT INJUNCTION |
| 11/25/2008 | SRVPROCESS | EXE SERVICE OF CITATION | ROBBIE SEGLER |
| 12/8/2008 | ANS-RESP | ORIGINAL ANSWER | DEFENDANTS' ORIGINAL ANSWER |
| 12/4/2008 | SRVPROCESS | EXE SERVICE OF CITATION | MONICA JONES |
| 12/4/2008 | SRVPROCESS | EXE SERVICE OF CITATION | JASON JONES |
| 12/22/2008 | OTHER | LETTER | LETTER |
| 3/12/2009 | SRVPROCESS | EXE SERVICE OF CITATION | SEGLER ENTERPRISES LTD |
| 3/12/2009 | SRVPROCESS | EXE SERVICE OF CITATION | DARQUE TAN LLC |
| 6/2/2010 | NOTICE | NTC-ATTORNEY/COUNSEL | NOTICE OF APPEARANCE OF COUNSEL AND DESIGNATION OF     ATTORNEY IN CHARGE |
| 9/21/2010 | PET-PL | AMENDED PETITION | PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION AND APPLICATION  FOR PERMANENT INJUNCTION |
| 10/11/2010 | SRVPROCESS | WAIVER OF CITATION OR SERVICE | WAIVER OF CITATION |

# EXHIBIT I

12/5/08

C I T A T I O N

T H E   S T A T E   O F   T E X A S

137853.5

**CAUSE NO. D-1-GV-08-002596**

THE STATE OF TEXAS

, Plaintiff

vs.

DARQUE TAN, LLC; SEGLER ENTERPRISES LTD.; ROBBIE SEGLER; MONICA JONES; AND JASON
JONES

, Defendant

TO:   ROBBIE SEGLER
      DIRECTOR, PRESIDENT, AND SECRETARY OF DARQUE TAN, LLC
      5407 CHINA DOLL
      HOUSTON, TEXAS 77041

*Filed in The District Court
of Travis County, Texas*

NOV 25 2008 CLG

10:09 A.M.

Amalia Rodriguez-Mendoza, Clerk

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.**

Attached is a copy of the <u>PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR PERMANENT INJUNCTION</u> of
the <u>PLAINTIFF</u> in the above styled and numbered cause, which was filed on <u>NOVEMBER 10, 2008</u> in the
<u>201ST JUDICIAL DISTRICT COURT</u> of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, <u>November 10, 2008</u>.

REQUESTED BY:
PAT TULINSKI
ASSISTANT ATTORNEY GENERAL
CONSUMER PROTECTION & PUBLIC HEALTH DIVISION
CAPITOL STATION, P.O. BOX 12458
AUSTIN, TEXAS 78711-2548
TELEPHONE: (512) 463-2185
FAX: (512) 473-8301

AMALIA RODRIGUEZ-MENDOZA
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, Texas 78701

By ALEXANDRA MEDRANO-CHAPA, Deputy

-- -- -- -- -- -- -- -- **R E T U R N** -- -- -- -- -- -- -- --

Came to hand on the <u>13</u> day of <u>November</u>, <u>2008</u> at <u>6</u> o'clock <u>P</u> M., and executed at
<u>5407 China Doll Houston Tx 77041</u> within the County of <u>Harris</u> on the
<u>14</u> day of <u>November, 2008</u>, at <u>11</u> o'clock <u>A</u> M., by delivering to the within named
<u>Robert Segler</u>, each in

person, a true copy of this citation together with the  accompanying pleading, having first attached such copy
of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

<u>18</u> day of <u>November, 2008</u>.

_____
NOTARY PUBLIC, THE STATE OF TEXAS

Sheriff / Constable / Authorized Person

By: <u>Leonardo Villegas</u>
    <u>LCH 3838</u>
Printed Name of Server

<u>Harris</u> County, Texas

D-1-GV-08-002596            SERVICE FEE NOT PAID            D01 - 33574

☐ Original        ☐ Service Copy



000781234



JOHN A. TORRES
My Commission Expires
August 8, 2012

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GV-08-002596**

137853.2

THE STATE OF TEXAS

     vs.

, Plaintiff

DARQUE TAN, LLC; SEGLER ENTERPRISES LTD.; ROBBIE SEGLER; MONICA JONES; AND JASON
JONES

, Defendant

TO:  MONICA JONES
     5002 ROUNDTABLE
     SAN ANTONIO, TEXAS 78218

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR PERMANENT INJUNCTION of
the PLAINTIFF in the above styled and numbered cause, which was filed on NOVEMBER 10, 2008 in the
201ST JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, November 10, 2008.

REQUESTED BY:
PAT TULINSKI
ASSISTANT ATTORNEY GENERAL
CONSUMER PROTECTION & PUBLIC HEALTH DIVISION
CAPITOL STATION, P.O. BOX 12458
AUSTIN, TEXAS 78711-2548
TELEPHONE: (512) 463-2185
FAX: (512) 473-8301

AMALIA RODRIGUEZ-MENDOZA
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, Texas 78701

ALEXANDRA MEDRANO-CHAPA, Deputy

-- -- -- -- -- -- R E T U R N -- -- -- -- -- --

Came to hand on the 14TH day of NOVEMBER, 2008 at 07:30 o'clock A. M., and executed at
5003 ROUND TABLE DR, SAN ANTONIO, TX within the County of BEXAR on the
15th day of NOVEMBER, 2008, at 08:30 o'clock A M., by delivering to the within named
MONICA JONES , each in
person, a true copy of this citation together with the accompanying pleading, having first attached such copy
of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

17TH day of NOVEMBER, 2008 .

Notary Public, THE STATE OF TEXAS

Sheriff / Constable / Authorized Person

By: _____
DAN BROUILLETTE
Printed Name of Server

BEXAR , County, Texas

D-1-GV-08-002596

☐ Original  ☐ Service Copy

SERVICE FEE NOT PAID

D01 - 33575

RECEIVED BY
11-15-08
DATE



137853

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GV-08-002596**

THE STATE OF TEXAS
, Plaintiff

    vs.

DARQUE TAN, LLC; SEGLER ENTERPRISES LTD.; ROBBIE SEGLER; MONICA JONES; AND JASON JONES
, Defendant

TO:  JASON JONES
     5002 ROUNDTABLE
     SAN ANTONIO, TEXAS 78218

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the <u>PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR PERMANENT INJUNCTION</u> of the <u>PLAINTIFF</u> in the above styled and numbered cause, which was filed on <u>NOVEMBER 10, 2008</u> in the <u>201ST JUDICIAL DISTRICT COURT</u> of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, <u>November 10, 2008.</u>

REQUESTED BY:
PAT TULINSKI
ASSISTANT ATTORNEY GENERAL
CONSUMER PROTECTION & PUBLIC HEALTH DIVISION
CAPITOL STATION, P.O. BOX 12458
AUSTIN, TEXAS 78711-2548
TELEPHONE: (512) 463-2185
FAX: (512) 473-8301

AMALIA RODRIGUEZ-MENDOZA
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, Texas 78701

By ALEJANDRA MEDRANO-CHAPA, Deputy

— — — — — — — **R E T U R N** — — — — — — —

Came to hand on the 14TH day of NOVEMBER, 2008 at 07:24 o'clock A.M., and executed at 5002 ROUND TABLE DR. SAN ANTONIO, TX within the County of BEXAR on the 15TH day of NOVEMBER, 2008, at 08:39 o'clock A.M., by delivering to the within named JASON JONES , each in person, a true copy of this citation together with the accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

17TH day of NOVEMBER, 2008.

_____
Notary Public, THE STATE OF TEXAS

Sheriff / Constable / Authorized Person #SCH1462

By: _____
DAN BROUILLETTE
Printed Name of Server

BEXAR County, Texas

D-1-GV-08-002596

☐ Original  ☐ Service Copy

SERVICE FEE NOT PAID

D01 - 33576

RECEIVED BY
11-15-08
DATE

00078399 6

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GV-08-002596**

137853.4

THE STATE OF TEXAS

    vs.

DARQUE TAN, LLC; SEGLER ENTERPRISES LTD.; ROBBIE SEGLER; MONICA JONES; AND JASON
JONES

TO:  SEGLER ENTERPRISES, LTD.
     DELIVERY THROUGH REGISTERED AGENT, NICHOLAS J. LANZA
     5177 RICHMOND, SUITE 850
     HOUSTON, TEXAS 77056

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.**

Attached is a copy of the <u>PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR PERMANENT INJUNCTION</u> of
the <u>PLAINTIFF</u> in the above styled and numbered cause, which was filed on <u>NOVEMBER 10, 2008</u> in the
<u>201ST JUDICIAL DISTRICT COURT</u> of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, <u>November 10, 2008</u>.

REQUESTED BY:
PAT TULINSKI
ASSISTANT ATTORNEY GENERAL
CONSUMER PROTECTION & PUBLIC HEALTH DIVISION
CAPITOL STATION, P.O. BOX 12458
AUSTIN, TEXAS 78711-2548
TELEPHONE: (512) 463-2185
FAX: (512) 473-8301

AMALIA RODRIGUEZ-MENDOZA
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, Texas 78701

By _____
ALEJANDRA MEDRANO-CHAPA, Deputy

-- - -- - -- - -- - -- -- -- **R E T U R N** -- - -- - -- - -- - -- -- --

Came to hand on the _13_ day of _November_, _2008_ at _3:00_ o'clock _P_ M., and executed at
_5177 Richmond, Suite 850, Houston Tx 77056_ within the County of _Harris_ on the
_14_ day of _November_, _2008_, at _10:30_ o'clock _A_ M., by delivering to the within named
_Segler Enterprises, Ltd, by delivering them to It Registered Agent, Nicholas J. Lanza_ each in
person, a true copy of this citation together with the accompanying pleading, having first attached such copy
of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_15_ day of _November_, _2008_.

_Erik Campos_
Notary Public, THE STATE OF TEXAS

_Chaco_   int 2516
Sheriff / Constable / Authorized Person

By: _Jayma Chacon_
_Jayma Chacon_
Printed Name of Server

_Harris_ _____ County, Texas

D-1-GV-08-002596

☐ Original  ☐ Service Copy

SERVICE FEE NOT PAID

D01 - 33573



000897557



ERIK CAMPOS
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
OCT. 30, 2010

3/24/09

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GV-08-002596**

137853.1

THE STATE OF TEXAS

vs.

DARQUE TAN, LLC; SEGLER ENTERPRISES LTD.; ROBBIE SEGLER; MONICA JONES; AND JASON JONES

TO:   DARQUE TAN, LLC
      DELIVERY THROUGH REGISTERED AGENT, NICHOLAS J. LANZA
      5177 RICHMOND, SUITE 850
      HOUSTON, TEXAS 77056

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the <u>PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR PERMANENT INJUNCTION</u> of the <u>PLAINTIFF</u> in the above styled and numbered cause, which was filed on <u>NOVEMBER 10, 2008</u> in the <u>201ST JUDICIAL DISTRICT COURT</u> of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, <u>November 10, 2008</u>.

REQUESTED BY:
PAT TULINSKI
ASSISTANT ATTORNEY GENERAL
CONSUMER PROTECTION & PUBLIC HEALTH DIVISION
CAPITOL STATION, P.O. BOX 12458
AUSTIN, TEXAS 78711-2548
TELEPHONE: (512) 463-2185
FAX: (512) 473-8301

AMALIA RODRIGUEZ-MENDOZA
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, Texas 78701

By _____
JOSE ALEJANDRA MEDRANO-CHAPA, Deputy

-- - -- - - - - -- - -- R E T U R N -- - -- - -- - - - - -- - --

Came to hand on the 13 day of November , 2008 at 3:00 o'clock P M., and executed at 5177 Richmond, Suite 850, Houston, Tx, 77056 within the County of Harris on the 14 day of November , 2008 , at 10:30 o'clock A M., by delivering to the within named Darque Tan, LLC by Delivering them to its Registered Agent, Nicholas J. Lanza , each in person, a true copy of this citation together with the accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

15 day of November , 2008 .

Eril Campos
Notary Public, THE STATE OF TEXAS

_____ SCH 2516
Sheriff / Constable / Authorized Person

By: Jayma Chacon

Jayma Chacon
Printed Name of Server

Harris County, Texas

D-1-GV-08-002596

⬜ Original   ⬜ Service Copy

SERVICE FEE NOT PAID

D01 - 33571



000897555



ERIK CAMPOS
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
OCT. 30, 2010